USCA1 Opinion

 

 December 30. 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1604 WILFRED HART, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Bownes, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Wilfred Hart, Jr., on brief pro se. ________________ Jay P. McCloskey, United States Attorney, and Margaret D. __________________ _____________ McGaughey, Assistant United States Attorney, on brief for appellee. _________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Wilfred Hart, Jr. ___________ has appealed from a district court order denying him leave to file a motion to dissolve a district court injunction barring him from certain filings without leave of court. We affirm the district court's ruling. On June 23, 1992, the district court entered the following injunction against Hart: It is hereby ORDERED that Wilfred Hart is _______ enjoined from filing any motions, pleadings or papers of whatever type or description in the District of Maine, in connection with his 1988 conviction for controlled substance violations without prior leave of Court. Hart may seek leave of Court by filing a summary of the claims he seeks to raise (not to exceed one page per claim) together with an affidavit certifying that the claims are novel and have not previously been raised before this Court or any other federal court. Upon failure to so certify or failure to so certify truthfully, Hart may be found in contempt of court and punished accordingly. The injunction was issued in response to what the district court described as Hart's "frivolous motions and duplicative pleadings which encroach on the Court's limited time and resources, . . . which can only be calculated to disrupt the orderly consideration of cases, . . . and which merely restate claims which have already made [sic] and which have been denied." Hart appealed the injunction to this court, challenging its legality and constitutionality on a number of grounds, including vagueness. On March 21, 1994, this court rejected all of Hart's challenges, and affirmed the injunction. Hart v. ____ United States, slip op., nos. 92-1801, 92-2292, 92-2449 (1st Cir. _____________ 3/21/94) (unpublished). We stated that we would "leave the construction of the injunction to the district court in the first instance." Id. at 6. __ On May 20, 1994, Hart filed a motion for leave of court to file an accompanying motion for a three-judge panel to dissolve the injunction. The underlying motion to dissolve argued that the district court's "operative construction" of the injunction was so narrow as to unconstitutionally limit Hart's access to the courts. On the same day, the district court denied the motion for leave of court, endorsing it as follows: "Claim has previously been raised and is therefore not novel." Hart appeals. On the surface, it would seem that in his May 20 motion Hart did seek to raise an issue not raised in his appeal. The appeal upheld the facial terms of the injunction, whereas Hart's May 20 motion seems to challenge the constitutionality of the manner in which the district court has later construed and applied the injunction. In fact, however, Hart's motion fails to specify in what way the district court should be thought to have applied the injunction in an unconstitutional manner. Hart's motion, therefore, appears to be, in substance, nothing more than another attack on the terms of the injunction. Such an attack is not novel, having already been mounted in Hart's prior appeal. -3- In any event, even if Hart's motion were to be regarded as raising a novel claim, we would affirm its dismissal on the ground that it was frivolous. Insofar as Hart's motion once again challenges the terms of the injunction, res judicata bars any relief by virtue of our prior ruling. Insofar as the motion does assert that the injunction has been applied in an unconstitutional manner, the motion provides no basis for such a conclusion. Any challenge to the injunction's application, moreover, should properly be raised in conjunction with the particular matter to which the injunction allegedly has been improperly applied. Finally, the motion's request that a three- judge court be convened to consider the matter is frivolous. The ruling of the district court is affirmed.  ________ -4-